**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:**

FRANCIS VILORIA,

    Plaintiff,

v.

MIAMI PARKING, INC., a Florida corporation,
and MUNIR MALUF, an individual,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, FRANCIS VILORIA (hereinafter, "VILORIA" or Plaintiff), by and through her undersigned attorney, hereby files this Complaint against MIAMI PARKING, INC., ("MIAMI PARKING") and MUNIR MALUF ("MALUF") and says:

**JURISDICTION AND VENUE**

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

1

## PARTIES

5. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Payroll Clerk. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

6. Defendant MIAMI PARKING is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Miami-Dade County, Florida. Defendant MIAMI PARKING has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant MALUF owned and operated MIAMI PARKING at all times material hereto and, upon information and belief, is a resident of Broward County, Florida. The Florida Department of State Division of Corporations lists MALUF as President and Director of MIAMI PARKING.

8. Defendant MALUF had operational control of significant aspects of MIAMI PARKING's day to day functions, including employment practices and compensation of employees, and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed.

9. Defendant MALUF also had the power to hire and fire employees of MIAMI PARKING, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant MALUF also had the power to stop any illegal pay practices that harmed Plaintiff.

10. Defendant MALUF acted and acts directly in the interests of MIAMI PARKING in relation to its employees and, thus, Defendant MALUF was and is an employer within the meaning of Section 3(d) of the FLSA.

11. At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

13. Defendant MIAMI PARKING, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. Plaintiff was an employee covered by the FLSA in that she was employed by Defendants as a Payroll Clerk. She is therefore an "employee" under 29 U.S.C. § 203(e).

## GENERAL ALLEGATIONS

15. Plaintiff started working for Defendants in December, 2017 and separated from employment effective in January 2019.

16. Plaintiff received a weekly salary of six hundred dollars ($600.00) for all hours worked, but never received overtime pay.

17. Plaintiff is a non-exempt employee of Defendants, subject to the payroll practices and procedures set forth hereinafter, who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. Plaintiff worked for approximately fifty to sixty (50-60) hours per week from December 2017 until her separation in January 2019.

20. Plaintiff was paid only straight time and no overtime.

21. Plaintiff is entitled to damages as set forth above; and is further entitled to her reasonable attorney's fees pursuant to 29 U.S.C. §216(b) as the damages asserted are wages due Plaintiff.

## COUNT I: VIOLATION OF FLSA / OVERTIME
## (AGAINST ALL DEFENDANTS)

22. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

23. Plaintiff is an employee as defined by the FLSA because Defendants controlled when Plaintiff worked, the way Plaintiff performed her services, and virtually every other aspect of the business.

24. Plaintiff worked for approximately fifty to sixty (50-60) hours per week from December 2017 until her separation in January 2019.

25. Defendants paid Plaintiff straight time and never overtime. Pursuant to Section 7 of the Act [29 U.S.C. §207] Plaintiff should have been compensated at a rate of one and a half times her regular rate of pay for every hour over forty which she worked in any given workweek.

Defendants' failure to pay Plaintiff overtime over the course of her employment is a willful violation.

26. Defendants' failure to provide required compensation for all hours worked by Plaintiff is a willful violation within the meaning of the FLSA (29 U.S.C. §255(a)).

27. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff was not made in good faith within the meaning of the FLSA (29 U.S.C. §260).

28. As a result of the Defendants' violations of the FLSA, Plaintiff VILORIA has incurred economic harm and loss.

WHEREFORE, Plaintiff requests judgment for:

    a. Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

    b. Interest on the amount found due;

    c. Liquidated damages pursuant to 29 U.S.C. § 260;

    d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, FRANCIS VILORIA, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: February 14, 2020

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       Chuck@icelawfirm.com
       TIEXIN YANG, Esq.
       Fla. Bar #1010651
       tiexin@icelawfirm.com